## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

MICHAEL CRUZ,

                          Plaintiff,                          **AMENDED COMPLAINT**

        v.
                                                              Civil Case No.:
SERGEANT A. BURGESS, C.O. STICKNEY,                           9:20-CV-0429-LEK-TWD
C.O. P. SWEENEY, NURSE MARY ELLEN MARTIN,
SERGEANT B. HARTMAN, DOCTOR SOHAIL GILLANI,
and C.O. JOHN DOE #2,

                          Defendants.

---

Plaintiff, Michael Cruz, alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343

(3) and (4).  The matters in controversy arise under 42 U.S.C. Section 1983

2.      Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2),

because the events giving rise to this cause of action occurred at Clinton Correctional Facility,

Dannemora, New York, which is located within the Northern District of State.

### PARTIES

3.      Plaintiff, Michael Cruz, is and was, at all times relevant hereto, a prisoner in the

custody of the State Department of Corrections. At the time of the events relevant hereto, plaintiff

was incarcerated at Clinton Correctional Facility. Plaintiff is currently incarcerated at Attica

Correctional Facility.

4.      Defendant Sergeant A. Burgess, who at all times relevant hereto as a Sergeant

employed at Clinton.

5.    Defendant Correctional Officer Stickney, who at all times relevant hereto was a C.O. employed at Clinton.

6.    Defendant C.O. P. Sweeney, who at all times relevant hereto was a C.O. employed at Clinton.

7.    Defendant Correctional Officer John Doe #2, who at all times relevant hereto was a C.O. employed at Clinton.

8.    Defendant Nurse Mary Ellen Martin, who at all times relevant hereto was a Nurse employed at Clinton.

9.    Defendant Sergeant B. Hartman, who at all times relevant hereto was a Sergeant employed at Clinton.

10.    Defendant Doctor Sohail Gillani, who at all times relevant hereto was a Psychiatrist employed at Clinton.

## PREVIOUS LAWSUITS BY PLAINTIFF

11.    Plaintiff has filed no other lawsuits dealing with the same facts involved in this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.    Plaintiff has exhausted all administrative remedies available.

## STATEMENT OF CLAIM

13.    At all relevant times herein, Defendants were "persons" for purposes of 42 U.S.C. 1983, and acted under color of law to deprive Plaintiff of numerous constitutional rights as set forth more fully below.

## **FACTS**

14.     On or about April 21st, 2017, in the morning time while confined in my cell, my cell opens unexpectedly and a split second later Defendant Stickney, Defendant John Doe #1 and John Doe #2 run into my cell and grabbed me and slammed me onto the floor, then handcuffed me hands behind my back.

15.     Defendant Stickney strips down my shorts and boxers and grabs on my testicles and squeezes extremely hard causing me to wince in pain.

16.     When I attempted to resist and C.O. P. Sweeney, and Defendant John Doe #2 holds me down while Defendant Stickney repeatedly squeezes my testicles while stating "where are the weapons?"

17.     Defendants C.O. P. Sweeney and John Doe #2 then turn me onto my stomach where one of the Defendants forced something into my rectum.

18.     Defendants removed me from my cell and took me up a flight of steps and locked me in a slop sink cell for about 15 minutes.

19.     Defendants C.O. P. Sweeney, John Doe #2 and Sergeant A. Burgess take me to the hospital on the 1st floor and into an examination room where I was again physically, and sexually assaulted.

20.     Once in mentioned examination room, Defendants forced me to face a wall and started asking me various questions about "whos selling drugs" and "where are the weapons".

21.     When I told Defendants "I don't know", Defendants immediately slammed me onto the floor. Defendants put what appeared to be 2 white shoelaces around my neck and proceeded to choke and suffocate me, while doing this for about 6 minutes, Defendants repeatedly stated to me that "they can kill me".

22.     A plastic bag was then placed over my head while Defendants continued to choke and suffocate me while repeatedly forcing something in and out of my rectum.

23.     I was then placed in a different cell, d-block, with no mattress or property, I went to sleep on the bar metal frame.

24.     The following morning on April 22nd, Defendant Nurse Mary Ellen Martin was doing morning medication rounds, when Jane Doe stopped at my cell to give me my medication, she stated" "oh my god, what happened to your neck".

25.     I responded to Defendant Nurse Mary Ellen Martin that "I was sexually assaulted by C.O.'s the previous morning".

26.     I was then taken to the hospital to the 1st floor where I explained the entire assault to Defendants Sergeant B. Hartman, and Nurse S. Bleau.[1]

27.     I told Nurse S. Bleau that I was experiencing severe anal and neck pain, and that it felt extremely painful to swallow food and water.  Nurse S. Bleaudid not offer, or give any type of examinations or treatment for the assault, and did not offer, or give any type of treatment for the extreme pain I was experiencing.

28.     Pictures were taken of my neck. Defendants Sergeant B. Hartman, and Nurse Mary Ellen Martin then conspired to place me on "suicide watch status" falsely as retaliation for my complaint of sexual assault, and to attempt to cover-up my injuries for said assault.

29.     I never mentioned self harm or suicide, nor was I asked any screening questions as a prequisite before being placed on "suicide watch status".

---

[1] Pursuant to the Court's January 8, 2021 Decision and Order (Dkt. No. 11), Nurse John Doe was terminated as a Defendant from this action.  As such, the Amended Complaint seeks to add Nurse John Doe's identity for factual purposes only.

30.     I made Defendant Doctor Sohail Gillani aware that I was not suicidal and I did not engage in any self injurious behavior, that there was no valid, or legal reason for me to be confined to a "suicide watch unit", I was there falsely as retaliation for my complaint of sexual assault.

31.     I made Defendant Doctor Sohail Gillani aware of such concerns daily in my interviews with him, yet Defendant held me confined there for about 19 days illegally.

32.     For about 14 days there it was painful to defecate, there was blood on the toilet paper when I wiped myself. It was painful to urinate, and there was blood in my urin.

33.     I repeatedly and daily mentioned these concerns to Defendants Doctor Sohail Gillani, Nurse Mary Ellen Martin, and to Nurse S. Bleau, yet I received no examinations or treatment.

## CLAIMS FOR RELIEF

34.     The actions of Defendants C.O. Stickney, C.O. P. Sweeney, C.O. John Doe #2, and Sergeant A. Burgess in sexually assaulting Plaintiff without need or provocation, or in failing to intervene to prevent said assault, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the 8th Amendment of the U.S. Constitution.

35.     The failure of Defendant Sergeant A. Burgess to take disciplinary or other action to curb the known pattern of physical abuse of prisoners by Defendants C.O. Stickney, C.O. P. Sweeney, and C.O. John Doe #2 constituted deliberate indifference to plaintiff and other prisoners safety, and contributed to and proximately caused the above described violation of the 8th Amendment.

36.     The failure of Defendants Sergeant B. Hartman, Nurse Mary Ellen Martin, and Doctor Sohail Gillani to provide or cause for the providing of an examination and treatment for

the sexual assault of plaintiff, constitutes deliberate indifference to Plaintiffs serious medical needs in violation of the 8th Amendment of the U.S. Constitution.

37.     Defendants Sergeant B. Hartman, Nurse Mary Ellen Martin, and Doctor Sohail Gillani conspired to place Plaintiff under confinement in "suicide watch status" falsely and arbitrarily as retaliation for Plaintiffs complaint of sexual assault and to attempt to cover up plaintiff injuries for no legitimate reason, and without any process, denied Plaintiff due process of law in violation of the 14th Amendment of the U.S. Constitution.

WHEREFORE, Plaintiff prays for judgement in his favor and damages in his favor against all Defendants in an amount sufficient to compensate Plaintiff for the pain and mental anguish suffered due to the deliberate misconduct, criminal conduct and deliberate indifference of Defendants, but in no event less than 4 million dollars, together with attorneys fees and costs, and any such additional relief as the court may deem just and proper.

Dated:  June 22, 2023                    HINCKLEY, ALLEN & SNYDER LLP

By: */s/ Janelle A. Pelli*
    Christopher V. Fenlon, Esq.
    Janelle A. Pelli, Esq.
    *Attorneys for Plaintiff*
    30 South Pearl Street, Suite 901
    Albany, New York 12207
    P: (518) 396-3138
    cfenlon@hinckleyallen.com
    jpelli@hinckleyallen.com